WILLIAM DOUGAL *against* PITT COWLES and AMMI SMITH.

MOTION for a new trial.

This was an action of *assumpsit* on a bill of exchange, brought against the defendants, as co-partners, under the name and firm of *Cowles, Smith and company.* The bill was drawn in favour of the plaintiff, upon the company, by *Smith,* in his own name.

The declaration contained three counts. The first count was as follows, *viz.* " That the defendants now are, and for more than three years last past, have been, merchants in company, and connected and jointly concerned in business of every description ; and that whatsoever business is done by either of the defendants, under whatever name the same may have been done, is done and transacted on their joint account, and is legally binding on the defendants : And the plaintiff in fact says, that at *Trinidad,* in the *West-Indies,* on or about the 19th day of *March,* 1810, the defendants were indebted to the plaintiff in the sum of 800 dollars, for goods, wares and merchandize sold to the defendants : And the said *Ammi Smith,* for, and in behalf of himself and partner, as aforesaid, in consideration of the premises, and according to the custom of merchants, did, then and there, make a certain bill of exchange in writing, under his hand, of that date, and directed the same to the defendants, by the name and description of *Cowles, Smith & Co., Southington,* and thereby requested them, 90 days after sight of said bill, to pay to the plaintiff, or order, in said *Southington,* the sum of 800 dollars," &c. It was averred, that the bill was duly presented, and was accepted by the defendants ; that payment was refused ; and that there was a regular protest for non-payment.

An individual co-partner, may, by a bill of exchange, drawn by him in his own name, upon the firm of which he is a partner, for a partnership debt, bind the firm.

The act of drawing a bill of exchange, by one partner in his own name, upon the firm of which he is a member, for the use of the partnership concern, is, in contemplation of law, an acceptance of the bill, by the drawer, in behalf of the firm ; and the holder of the bill may sustain an action thereon against the firm, as for a bill accepted.

A bill of exchange given in consideration of goods sold and delivered, is not an extinguishment of the debt, unless the bill is expressly received in payment ; and in case of the dishonour of the bill, *assumpsit* will lie on the original cause of action.

The averments in the third count, were, " that at said *Trinidad*, on or about the 19th day of *March*, 1810, the defendants, as merchants in company as aforesaid, were indebted to the plaintiff in the sum of 800 dollars, for goods sold and delivered, and for cash had and received, and in consideration thereof, the defendant, by the name of *Ammi Smith*, made a certain other writing or bill, of the same date, purporting to be addressed to the defendants, by the name and style of *Cowles, Smith & Co.*, requesting themselves to pay to the plaintiff, or order, 800 dollars, for value received, at said *Southington*, at 90 days sight ; and the defendants, then and there became liable, and promised the plaintiff to pay said bill, in 90 days after the same should be presented, at said *Southington ;* and the plaintiff presented said bill to the defendants, at said *Southington*, on or about the 22d day of *May*, 1810, and in 90 days thereafter, *viz.* on or about the 22d day of *August*, 1810, the plaintiff again presented said bill to the defendants, at said *Southington*, for payment ; and the defendants then and there, and at all times since, have neglected to pay said writing or bill, and thereby became liable to pay the same, and in consideration thereof, the defendants, at said *Southington*, on or about said 22d of *August*, assumed upon themselves, and to the plaintiff faithfully promised to pay said 800 dollars in a reasonable time, and when thereto requested ; yet, the defendants, their promise aforesaid not regarding, have never performed the same, though a reasonable time hath long since elapsed, and though often requested and demanded ; to the plaintiff's damage," &c.

The defendants pleaded the general issue.

On the trial, before the Superior Court, the plaintiff claimed to have proved, that *Cowles* and *Smith*, at the time when the bill was drawn and delivered, and for a long time before, were, and up to the time of the commencement of the suit, continued to be, partners, and merchants in company, under the name and firm of *Cowles, Smith & company ;* that *Smith*, some time in *May*, 1809, while in partnership with *Cowles*, was sent out by the firm, to the island of *Trinidad*, in the

*West-Indies*, to manage the concerns of the company; that while there, he, for the partnership concern, purchased of the plaintiff a large quantity of leather of the value of 300 dollars, and in consideration thereof, drew the bill, as before stated; that ninety days, exclusive of the usual days of grace, after the firm had sight thereof, to wit, on or about the 22d of *August*, 1810, the bill was presented for payment, at *Southington;* and that payment was refused.

Upon these facts, the plaintiff claimed a right to recover the amount of the bill.

It was admitted, that the bill was never, in fact, accepted by *Cowles,* and it was not claimed, that he had ever made any express promise to pay it.

On the part of the defendants, it was contended, that the plaintiff, before he could be entitled to a recovery, must prove, that the defendants, when the bill was drawn, and also, at the time of its alleged acceptance, were partners in trade, and were jointly conducting business of every description; so that either of them, in his own name and act, could bind the firm, as stated in the first count of the declaration: And they insisted, that the court ought so to instruct the jury.

But the court, in the charge to the jury, instructed them, that if they should find that *Cowles* and *Smith* were co-partners, at the time of drawing the bill, and that the consideration of the bill, was the purchase of property for the use and benefit of the co-partnership, they must find a verdict for the plaintiff. The jury found a verdict accordingly: Whereupon, the defendants moved for a new trial, on the ground of a misdirection. The motion was reserved for the consideration and advice of the nine Judges.

*Daggett* and *Staples,* in support of the motion. The principal question in this case, arises on the first count in the declaration, taken in connexion with the charge to the jury, on the circuit. This action cannot be sustained, unless the special contract, alleged in the declaration, be proved.

If *A.* sells property to *B.* and *C.,* and takes the note of *B.* only, *A.* cannot resort to *B.* and *C.* for payment. *Livingston*

Nov. 1813.

DOUGAL
v.
COWLES.

v. *Roosevelt*, 4 *Johns. Rep.* 251. The reason that the property purchased goes to the firm, is not sufficient to subject the firm to the payment of the price. For this reason, the plaintiff stated the special nature of the partnership. The question is, then, do the facts proved, sustain the declaration?

Besides, the claim for goods sold and delivered, cannot be sustained under this declaration. Every count is founded upon the contract contained in the bill. Neither of the counts is founded on a contract for the sale of goods. It is alleged, it is true, both in the first and third counts, that goods were sold and delivered; but the object of this allegation, was merely to shew the consideration for which the bill was drawn. It is also alleged in both these counts, that the bill was given for the goods sold. No promise to pay for the goods sold, is alleged in the declaration. The plaintiff, therefore, is not entitled to a recovery. The facts proved do not sustain the allegations in any one of the counts.

*N. Smith* and *B. Bronson*, contra.

1. Joint partners are liable for the acts of each other, respecting the partnership concern. *Watson*, 105.

This principle extends to the drawing and accepting of bills of exchange. *Whitcomb* v. *Whiting, Doug.* 653. *Arden* v. *Sharpe*, 2 *'Esp.* 525. *in notis.* *Wells* v. *Masterman*, 2 *'Esp.* 731. If money is lent to one partner, for his expences in transacting the partnership business, it is a partnership debt. *Rothwell* v. *Humphreys*, 1 *'Esp.* 406.

2. The drawing of the bill amounted to an acceptance. So, a previous promise to accept a bill, amounts to an acceptance. The draft of a partner on the firm, is a draft upon himself; and the act of drawing is an acceptance, at the time of the draft. *Pillans* v. *Van Mierop*, 3 *Burr.* 1669. Notice of the dishonour of the bill, in the present case, was unnecessary. *Porthouse* v. *Parker*, 1 *Campb.* 82.

3. The plaintiff is entitled, under the third count, to recover for goods sold and delivered. The drawing of the bill, unless it be paid according to its tenor, is no extinguishment of his demand. *Fydell* v. *Clark*, 1 *'Esp.* 449. *in nota.*

BALDWIN, J. This case presents two questions :

1. Whether, the facts being found, the defendants are liable upon the bill ? If not,

2. Whether, upon this declaration, the plaintiff can recover the amount, as for goods sold and delivered ?

I am of opinion, that the plaintiff is entitled to recover on both grounds ; and that the declaration, and the charge, will meet the demand in either shape.

When a co-partnership exists, and a purchase is made, by one partner, in the usual course of business, for the use of the concern, the company are, unquestionably, liable for the debt, whether named in the contract or not : And no one will doubt the implied power of the partner making the purchase, to bind the company, by note, or by a bill of exchange in their name, for the amount. *Selw.* 1103. *Ibid.* 323. It is equally clear, that any one partner may bind the company, by his acceptance, in the name of the firm, or even in his own name, of a bill drawn on them. *Mason* v. *Ramsey*, 1 *Comp. Rep.* 384. And it is not necessary that such acceptance should be signed by the name of the firm, nor even by the individual making the acceptance. A parol acceptance is sufficient, and this may be express or implied ; for whether accepted or not, is often a question of law. *Powell* v. *Jones*, 1 *'Esp.* 17. n. 1. *Sproat* v. *Matthews*, 1 *Term Rep.* 182. *Pillans* v. *Van Mierop*, 3 *Burr.* 1669. Even an agreement to accept an existing bill, is, in contemplation of law, an acceptance. If a merchant, therefore, draws a bill on himself, it is of course, accepted ; for, every drawer of a bill engages it shall be accepted and paid.

If these principles are correct, it is unnecessary to enquire, what would be the effect, or how far the company would be liable, on a bill drawn for the same consideration, on a stranger, and signed only by the name of the purchasing partner ; for the bill in question, was drawn by a partner in the firm, on the company of which he was a member, for goods purchased for their use ; and was, of course, accepted by him, in behalf of the company, payable according to its tenor, ninety

days after sight, by the house in *Southington.* The defendants are, therefore, liable as on a bill accepted.

If this were doubtful, I think, they are liable on the claim for goods sold and delivered, as stated in the third count. As there can be no doubt of the general liability of the company, for goods so purchased, and that a bill dishonoured, unless expressly received as payment, does not discharge the debt; the only question is, whether the declaration is so framed as to meet the demand? In this count, the plaintiff states an indebtedness on the part of the defendants, for goods sold, &c.; that in consideration thereof, they drew a bill, in the name of *Smith,* on themselves, which has been presented, and payment refused; that the defendants, in consequence thereof, became liable, and assumed to pay the debt. I am aware, that it may be objected, that this case, as stated in this count, does not rest simply on the ground of a revival of the original debt, by the dishonour of the bill; because this bill is stated to have been drawn by one of the partners, in his own name, on the firm; and it does not appear by the statement of the case in the motion, that he had an express power thus to bind the company; yet, from the transaction, as stated in the declaration and motion, it is evident, that the debt, for which the company were originally liable, was not, by legal inference, discharged by the bill; and there is no pretence that it was so by express contract.

The case is simply this: The acting partner in the purchase, draws an order on the firm, who were the debtors, to pay the debt, at their usual place of business. This order is not paid. The debt, then, remains as it was before the order was given, the debt of the company.

It is apparent, that the object of this count, is, to recover on the ground of the original debt, the bill being dishonoured. I presume, it is the general practice, in such cases, to declare upon the debt and promise, generally, without mentioning the bill. This is undoubtedly proper, and I think it the best, for it is the most simple mode of declaring; yet, a declaration stating, specially, the fact from which the legal inference will be drawn, that the debt exists, in support of an allega-

tion of indebtedness, and thereon grounding a promise, is equally valid ; for, surely, the same legal effect must follow, whether the facts from which such inference is made, are shewn in evidence, or pleaded on record.

I do not, therefore, advise a new trial.

The other Judges, severally, concurred.

New trial not advised.