JAMES H. RAYMOND ET AL. V. B. L. MANN ET AL.

1. DRAFT—DILIGENCE.—A draft drawn by an agent on his principal, in the usual course of his business, is as if drawn by the principal on himself; such a principal is not entitled to protest, notice, or other diligence necessary to bind indorsers.

2. AGENT'S POWER TO BIND PRINCIPAL.—Where an agent obtains money in the business of his principal, and which is so used, the principal is responsible for the money so obtained; and that such agent obtained the money by negotiating a check on his principal does not affect the liability.

3. PLEADING.—The rules of pleading and practice at common law on bills of exchange and promissory notes have no force in our courts; and whether a draft or bill of exchange given by such agent on his principal for money used for such principal be treated as a promissory note or as a mere history of the transaction, the equities between the parties to it must control.

APPEAL from Galveston.    Tried below before the Hon. A. P. McCormick.

Raymond & Whitis brought suit in the Galveston District Court, 13th February, 1872, against B. L. Mann and H. F. Hall, of New Orleans, Louisiana, and Thomas Caden, of the city of Galveston, alleged to be partners under the firm name B. L. Mann & Co., and alleged that defendants had their principal office in Galveston; that on October 11, 1871, B. L. Mann & Co. had duly authorized one J. Hutchinson, as agent, to purchase hides for them in the city of Austin, Texas, and to draw drafts in payment therefor upon one D. Holden, through, by whom, and in whose name they were then doing business in the city of Houston, Texas; the usual course of business under these arrangements being for Hutchinson to buy hides in Austin, and ship them to Holden, (Holden being in fact B. L. Mann & Co., and their firm name in Houston,) all of which was fully recognized by B. L. Mann & Co., who paid and accepted through Holden all drafts drawn by Hutchinson in payment for hides bought and shipped by him; that on or about October 11, 1871. Hutchinson, in course of his agency, bought a lot of hides in Austin, amounting in

value to three hundred dollars in gold; and in order to pay
for them, negotiated his draft on Holden with Raymond
& Whitis, who were bankers, for that amount, which money
was paid for the hides, and, as was usual between the parties,
they were shipped to B. L. Mann & Co., who received and re-
tained them; that before the draft could be presented in Hous-
ton, Holden died, when B. L. Mann & Co. refused to accept or
pay the draft. Plaintiffs insisted that defendants were liable
upon the draft, as drawn by their agent in the course of his
business upon themselves in the name of Holden.

The defendant Caden pleaded *non est factum* to the agency
of Hutchinson, admitting the partnership, having excepted to
the petition because it did not appear why suit had not been
brought to the first term after the cause of action had
accrued; nor did it appear that the draft had been protested
for non-acceptance or non-payment. Suit was dismissed as
to Mann and Hall. A jury was waived, and judgment ren-
dered for defendant, and Raymond & Whitis appealed.

The testimony is sufficiently shown in the opinion.

*Flournoy, Sherwood & Scott,* for appellants, cited Green *v.*
Hill, 4 Tex., 465; 2 Phil. on Ev., 1007, 1008, 1010, and
notes, (4th Am. ed.;) 1 Pars. on Notes and Bills, 288; Pas-
chal's Dig., 1562.

No briefs for the appellee came to the hands of the re-
porters.

IRELAND, ASSOCIATE JUSTICE.—The proof in this case very
conclusively shows that Hutchinson was buying hides in the
city of Austin, for Mann & Co; that Caden, the defendant,
was a member of the firm of Mann & Co; that Holden, on
whom the draft was drawn, was doing business for Mann &
Co; that Hutchinson had been placed at Austin to buy
hides to ship to Mann & Co., and that Mann & Co., and
especially Caden, had clearly recognized and held Hutchinson
out as the agent of Mann & Co; that Hutchinson had been

in the habit of drawing drafts on Holden, all of which were paid except the one sued on, and that the money arising from the draft, when sold to appellants, went to pay for hides shipped to Mann & Co., and that the money has not been paid to Raymond & Whitis.

It was insisted below that the draft has not been protested, and that suit had not been brought to the first term of the court. Under the state of facts here disclosed, Mann & Co., must be considered as both maker, or drawer, and drawee of the draft, and as such were not entitled to protest or notice, nor to avail themselves of the rule that in order to bind indorsers and others, suit must be brought to the first term of the court. They were primarily liable for the debt. (Hasey *v.* White, 1 Doug., Mich., 193; Dangol *v.* Cowls, 5 Day, 511; Cunningham *v.* Waldwell, 3 Fairf, 466; Marion *v.* Hodge, 9 Id., 163.)

But under our system of procedure and the allegations and proof in this case, plaintiffs are entitled to recover without reference to the draft as commercial paper.

The hides were purchased with the money arising from the draft, which was drawn according to the usual custom with these parties at the time. The property was received and enjoyed by Mann & Co., and no reason in law or equity can be shown why they should not pay the debt.

The defendants, Mann & Co., held Hutchinson out as their agent. This is clearly shown by the testimony of Townsend, the elder Hutchinson, and others. He obtained the money for the use and benefit of defendants, and which they enjoyed in the receipt of the property purchased with the money, and they ought to pay the debt. The rules of pleading and practice at common law on bills of exchange and promissory notes have no force in our courts; and whether the paper set out in the pleading in this case, drawn by Mann & Co. upon themselves, is to be treated as a promissory note, (see Story on Bills, 35, 359,) or as a mere history of the transaction, the equities between the parties must control our judgment.

REVERSED AND REMANDED.