[No. 8916.  Department Two.  January 4, 1911.]

H. N. Clemens, *Respondent*, v. E. H. Stanton Company, *Appellant*.[1]

Pleading—Demurrer—Waiver by Pleading Over.  In an action to recover on a sight draft, a demurrer to the complaint, on the ground that an acceptance in writing was not alleged, is waived by pleading over, admitting the execution of the draft and setting up a partial failure of consideration through a mutual mistake.

Bills and Notes—Drafts by Agent on Principal—Rights of Holder.  Where a sight draft is drawn by an agent upon his principal in payment of logs purchased for the drawee, the effect is that of a bill drawn upon the drawer himself, which the holder may treat as a promissory note, under Rem. & Bal. Code, § 3520.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered January 27, 1910, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract.  Affirmed.

*Merritt, Oswald & Merritt*, for appellant.

*Geo. E. Canfield*, for respondent.

Crow, J.—In his complaint the plaintiff, H. N. Clemens, in substance alleged that the defendant E. H. Stanton Company is a corporation engaged in the general butchering and meat packing business, the defendant E. F. Humason being its agent to buy live stock; that on September 13, 1909, E. H. Stanton Company, by its agent Humason, bought a drove of hogs from plaintiff, and in payment delivered to him a draft, in words and figures as follows, to wit:

"$1688.10.          (Buyers' Draft.)          No. 129.
          "Spokane, Wash., Sept. 13, 1909.
    "E. H. Stanton Company, at three days sight, pay to the order of H. N. Clemens Sixteen hundred eighty-eight 10-100 Dollars, for hogs.
Payable at the Spokane & Eastern Trust Co., Spokane, Wash.
To E. H. Stanton Company, 212 Bernard St., Spokane, Wash.          (Signed) E. F. Humason."

[1]Reported in 112 Pac. 494.

that the draft at its maturity was presented for payment, which was refused, and that it was duly protested. To this complaint E. H. Stanton Company interposed a demurrer, which was overruled. Thereafter, answering the complaint, E. H. Stanton Company admitted the agency of Humason, the sale by plaintiff, the execution of the draft, and alleged that on September 13, 1909, Humason as its agent purchased from plaintiff 91 head of hogs, which were shipped from Hay to Spokane, Washington; that before shipment they were weighed on an old, dilapidated, and incorrect set of scales at Hay, which incorrectly registered their weight as 19,860 pounds, showing their value to be $1,688.10;

"That said plaintiff and said defendant Humason mutually believing that said scales had weighed said hogs correctly and believing the fact to be that said hogs did actually weigh 19,860 pounds and acting upon such mutual belief and believing that there would be due the plaintiff $1,688.10, said defendant made and delivered said sight draft to plaintiff and plaintiff received and accepted the same in said sum; both the plaintiff and said Humason believing that said sight draft was for the sum to which plaintiff would be entitled for said hogs at the price of 8½ cents per pound;"

that the hogs were again weighed at Spokane on September 15, 1909, with the result that their correct weight was ascertained to be 16,945 pounds; that in addition thereto the defendant E. H. Stanton Company allowed plaintiff 750 pounds for shrinkage incurred during shipment; that it informed plaintiff of the mistake, asked him to again weigh the hogs, which he refused to do, and that it was ready, willing and able to pay plaintiff $1,504, their true value, which sum with accrued costs it tendered into court. The cause was tried to a jury. At the close of all the evidence, the action was dismissed as to the defendant Humason, it being conceded that he had acted as agent only. A verdict was returned against E. H. Stanton Company for the full amount claimed. Final judgment was entered thereon, and E. H. Stanton Company has appealed.

Appellant's controlling assignment is that the trial court erred in overruling its demurrer. It contends that respondent attempted to plead a cause of action upon an inland bill of exchange drawn by Humason upon appellant, and that to charge appellant its acceptance in writing should have been alleged. Appellant did not elect to stand upon its demurrer, but interposed an answer admitting Humason's agency, the sale to appellant, the agreed price of 8½ cents per pound; alleging that appellant's agent had executed the draft, and that there had been a partial failure of consideration, caused by the mutual mistake in weight. With the pleadings in this condition, the only issue was the correct weight. That issue was tried and determined in respondent's favor. The complaint not only contains allegations sufficient to state a cause of action for the purchase price of the hogs, but must be sustained if construed as intended only to state a cause of action on the written instrument. It alleges Humason was appellant's agent, and that as such he executed the draft. His act was appellant's act; the draft therefore was in effect drawn by appellant upon itself.

"A bill may be drawn upon the drawer himself, and is then in effect the promissory note or the accepted bill of the drawer, at the holder's election; and this is true in general of a bill or draft drawn by a principal on his agent, by an agent on his principal, or, in the principal's business, by one agent on another, and of a bill drawn by one partner on his firm." 7 Cyc. 569, and cases cited.

Under the facts here pleaded, nothing other than a drawing of the bill by appellant upon itself and its delivery to respondent in payment for the hogs sold to appellant could have been, or was, intended. Rem. & Bal. Code, § 3520, reads as follows:

"Where in a bill drawer and drawee are the same person, or where the drawee is a fictitious person, or a person not having capacity to contract, the holder may treat the instrument, at his option, either as a bill of exchange or a promissory note."

The bill herein drawn by appellant through its authorized agent upon itself could be, and was, treated by respondent

either as a bill of exchange or a promissory note upon which appellant would be liable.

The judgment is affirmed.

DUNBAR and MORRIS, JJ., concur.

RUDKIN, C. J., and CHADWICK, J. (concurring)—We express no opinion as to the right of the respondent to recover on the draft or bill of exchange as such, but inasmuch as the only issue between the parties was fully tried out on the merits, we concur in the result.