WATAUGA COUNTY BANK *v.* McQUEEN.*

(*Knoxville.* September Term, 1914).

1. **PRINCIPAL AND AGENT.** Authority. Bills of Exchange. Private Instructions.

A principal is liable to a bank honoring a nonaccepted bill of exchange drawn by the principal's agent as an advance to a produce buyer, though the agent had private instructions to issue bills of exchange only in payment of produce received where by long-continued custom such bills had been treated as checks, and the principal had on two occasions authorized the agent to advance money to such produce buyer. (*Post, pp.* 383-385.)

2. **BILLS AND NOTES.** Bills of exchange. Acceptance. Drawer and drawee same person.

Where bills of exchange are drawn by an agent on the principal with his authority for money to be used in the business, the drawer and drawee must be treated as, in effect, the same person, and the drawee is liable without formal acceptance. (*Post, pp.* 385, 386.)

Cases cited and approved: Tie & Lumber Co. v. Bank, 109 Ky., 694; First Nat. Bank v. Ins. Co., 16 N. M., 66; Raymond v. Mann, 45 Tex., 301; McCormick v. Hickey, 24 Mo. App., 363.

FROM JOHNSON.

Appeal from the Circuit Court of Johnson county to the Court of Civil Appeals and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— DANA HARMON, Judge.

*For the liability of the principal on negotiable paper executed by an agent, see note in 21 L. R. A. (N. S.), 1046.

Bank v. McQueen.

W. R. LOVILL and LEE F. MILLER, for appellant.

DONNELLY & DONNELLY and C. J. ST. JOHN, for respondent.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The defendant owned a mercantile business in the town of Butler, Johnson county, and a branch store in Neva, in the same county. In charge of the latter business was one L. J. Markland, who was managing the branch business as the general agent of the defendant, and, as such, was largely engaged in buying country produce. The custom of the business was to pay for the produce by drawing bills of exchange on McQueen at Butler, payable at the Johnson County Bank at Butler. These bills were signed by Markland. He drew thirty or forty of them a month, and, in the course of the two years he had been acting as agent, had drawn perhaps 700 or 800, and, during the continuance of his agency, and that of the prior agents occupying the same position, as many as 3000 of these bills had been drawn and paid through the Johnson County Bank. The custom was for the bank to pay them on presentation, just as checks are paid, without a formal acceptance by the drawee, and these bills had obtained general currency throughout the section of country in which the two stores were operated, and were considered and treated as checks of defendant. It was generally known that Markland was the agent of Mc-

Queen in drawing these bills. All of them were paid on presentation, except the two in controversy in the present case. These two bills were each for $250, and were drawn in favor of C. C. Greer. The latter was quite a large buyer of produce, and his business was very much valued by Markland and McQueen. Markland had been instructed by McQueen not to "build up anybody's account," by which it was meant and understood that he was not to advance money to any buyers of produce, but only to pay for produce sold to him for McQueen. This instruction, however, had been frequently violated by Markland, with the knowledge and connivance of McQueen, in favor of Greer, and the drafts or bills paid notwithstanding, and without objection, because competition was close, and Greer was regarded as a very active, energetic, and valuable buyer of produce for the house. Acting under this authority and course of business, the two bills in question were issued to Greer. He deposited them to his credit in the complainant bank, in the usual way, and soon checked out nearly all of the money. He did not, however, use this money to buy produce with, as it was contemplated by Markland and McQueen he would do, but, on the contrary, absconded with two lewd women. Complainant bank had no notice of Greer's fraudulent purpose. As soon as Markland learned that Greer had disappeared he telephoned the fact to McQueen, and the latter notified the Johnson County Bank not to pay these bills when they should be presented. Payment accordingly being refused, the present suit was brought

to compel payment.  The ground of the action stated is the refusal to accept and the refusal to pay.  The suit was brought before a justice of the peace, and from his judgment in favor of plaintiff an appeal was prosecuted to the circuit court of Johnson county.  The bills were exhibited in the evidence, and all of the facts above set out were proven without exception, on the trial.

The circuit court rendered judgment against defendant, for the amount of the bills and interest, less the amount remaining to Greer's credit in the complainant bank, and on appeal this judgment was affirmed by the court of civil appeals.  The case was then removed to this court by the writ of *certiorari.*

Under the facts stated there can be no doubt that Markland had authority as McQueen's agent to draw the bills. Tiedeman, Com. Paper, secs. 76, 79; 1 Clark & Skyles on Law of Agency, sec. 139; 31 Cyc., 1263.

The bills having been drawn by the defendant's agent on him for money to be used in his business, and by authority of the defendant the drawer and drawee must be treated as, in effect, the same person, and hence the drawee was liable without formal acceptance, and could not escape liability by refusing to accept or pay, or by stopping payment at the bank where, according to the course of business, such bills were accustomed to be paid.  *Gray Tie & Lumber Co.* v. *Farmers' Bank,* 109 Ky., 694, 60 S. W., 537; *First National Bank* v. *Home Insurance Co. of New York,* 16 N. M., 66, 113 Pac., 815; *Raymond* v. *Mann,* 45 Tex.,

130 Tenn. 25

301; *McCormick v. Hickey,* 24 Mo. App., 363; 1 Dan. Neg. Inst. (6th Ed.), secs. 128, 482. In the latter section it is correctly said that this rule is recognized by the Negotiable Instruments Law in section 130, which is:

"Where in a bill the drawer and drawee are the same person, or where the drawee is a fictitious person, or a person not having capacity to contract, the holder may treat the instrument, at his option, either as a bill of exchange or a promissory note."

The suit was not brought directly on the instruments, either as notes or as bills, but on the facts of the case, as may be done in this State.

We are of the opinion that the judgment of the court of civil appeals should be affirmed.