## BAILEY v. TRIPLETT BROS.
### (No. 2704.)

(Court of Civil Appeals of Texas. Amarillo. June 16, 1926. Rehearing Denied Oct. 6, 1926.)

1. Partnership ⬳212—Complaint based on bill of exchange held sufficient to show liability of cotton buyers as partners under custom and course of dealing.

Complaint, based upon bill of exchange, issued pursuant to partnership arrangement between cotton brokers, and also setting out such contract and arrangement, *held* sufficient to show liability of partners under recognized custom and course of dealing in buying cotton.

2. Bills and notes ⬳163.

Under Rev. St. 1925, art. 5932, §§ 1, 3, 7, bill of exchange, purporting to be in payment for cotton, *held* negotiable instrument payable on demand to bona fide holders in due course for value.

3. Partnership ⬳146(1).

Acceptance of bill of exchange by partner and agent of drawee renders it valid obligation against both without further acceptance by payee, in view of Rev. St. 1925, arts. 567, 572, 5940, §§ 126, 130.

4. Bills and notes ⬳66.

Draft drawn by agent on principal by authority of principal is equivalent to draft drawn by principal himself, and need not be accepted by drawee.

5. Bills and notes ⬳3.

Draft drawn by agent on principal by authority of principal may be treated as promissory note, or bill of principal.

Randolph, J., dissenting.

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Lubbock County Court; Chas. Nordyke, Judge.

Action by Triplett Bros. against W. L. Bailey and others. Judgment for plaintiffs against defendant named and another, and defendant named appeals. Affirmed.

Robt. H. Bean and Bean & Klett, all of Lubbock, for appellant.

A. B. Crane, of Raymondville, and Robt. A. Sowder, of Lubbock, for appellees.

HALL, C. J. This is an appeal by Bailey from an adverse judgment rendered in the county court of Lubbock county, wherein Triplett Bros., a firm, were plaintiffs, and C. D. Collins, W. L. Bailey, E. L. Walker, and Citizens' National Bank of Lubbock, Tex., were defendants.

The action is based, in part, upon the following bill of exchange, or "cotton acceptance":

"Cotton.

"Bank No. ——. Lubbock, Texas, 1—1, 1925.
"Buyer's No. ——.
"Pay to the order of Citizens' National Bank of Lubbock $415.00 four hundred fifteen 49/100 dollars account —— bales of cotton. Tickets attached, this day sold to ——, which cotton he holds for account Citizens' National Bank of Lubbock, and subject to their order. Description below. Value received and charge to the account of
        "[Signed] C. D. Collins, Seller.
"To W. L. Bailey, Lubbock, Tex.

| Yard No. | Weight. | Price. | Amount. |
|----------|---------|--------|---------|
| 758 | 493 | | |
| 768 | 472 | 19¼ | |
| 760 | 427 | | Ticket held." |
| 744 | 345 | | |
| 750 | 424 | | |

It was indorsed on its face by Walker, as follows:

"Accepted 1—1, 1925, E. L. Walker, Buyer. Bill of exchange."

Triplett Bros., plaintiffs, alleged, in substance, that on January 1, 1925, E. L. Walker was buying cotton in the town of Farwell, Tex., and in so doing made and put in circulation the instrument sued on; that plaintiffs were merchants doing business in Texico, N. M., which was practically the same town as Farwell, Tex., divided only by the state line; that they bought said bill of exchange for good and valuable consideration and in due course of business, with no knowledge of any defenses to the same; that, upon presentation to the Citizens' National Bank of Lubbock for payment, the bank refused to honor same, and returned it with the words "payment stopped" written across the face of the bill. It is further alleged that the bill was drawn and issued in the course of business by defendants Walker and Bailey, concurred in by the Lubbock bank

in the issuance of similar bills to that sued upon; that plaintiffs had theretofore purchased many of such bills, all of which had theretofore been paid promptly, which conduct had caused them to believe that the bill in question was regular and would be paid. After plaintiffs had cashed the bill and paid Collins the money, Collins disappeared, had not been served with citation, and a nonsuit was taken as to him.

The other defendants, Bailey and Walker and the Lubbock bank, answered by general demurrer, general denial, and by a verified plea specially alleging that the instrument sued on was without consideration, in that it was issued and put in circulation through the theft and fraud of Collins; that the bill which purported to have been given in payment for five bales of cotton described therein was not, in fact, given for said cotton, in that Collins did not own the cotton or the cotton tickets for which it had been issued, because the said E. L. Walker had previously purchased said cotton from the lawful owner thereof, and that Collins had stolen the tickets from Walker without his knowledge or consent, and without consideration, and on January 1, 1925, had falsely represented to Walker that he was the owner of the cotton tickets, and that Walker, without knowing or realizing that the cotton offered by Collins had already been purchased by Walker, signed said bill of exchange and delivered it to Collins, relying upon the latter's false representations, and in ignorance of the fact that Collins was not the owner of the cotton or of the tickets. Defendants also denied that the alleged bill of exchange was ever indorsed by the payee, the Lubbock bank, and further denied that plaintiffs were innocent holders of the bill for value without notice.

The case was tried to the court without the intervention of a jury, and resulted in a judgment that plaintiff be denied a recovery against the bank, and in favor of plaintiffs against Bailey and Walker. Bailey alone has appealed.

No statement of facts is found in the record, and the findings of fact filed by the trial judge which are material to the issues presented for decision here are briefly stated as follows: That at the time of the issuance of the bill in question, and prior thereto, plaintiffs were merchants doing business at Texico, which adjoins the town of Farwell, so that both constitute practically one town; that there was no bank at either place, the banking facilities being at Clovis, N. M., about ten miles distant; that plaintiffs had for a long time habitually cashed checks given for wheat, grain, and cotton, and obtained the money on them from the Clovis bank, paying it out to the parties presenting such checks, which custom was fairly well known in the community; that at the time specifically mentioned defendants Bailey and Walker were purchasing cotton in that vicinity, the defendant Walker being stationed at Texico, with authority to purchase cotton and issue bills of exchange in payment for such commodity, acting under an arrangement whereby he was to receive one-half the profits; that he had authority to issue or accept such bills of exchange whether in his own name or that of the defendant Bailey; that the form of said bills of exchange were furnished by the bank, and had been used in the vicinity of Farwell for about one year; that plaintiffs had cashed a number of said bills prior to this time, and the bank had paid all bills theretofore presented to it either in person or through a clearing house; that said bank of Lubbock never indorsed any of such checks or drafts, or marked same paid, but charged interest thereon to the acceptor from the date of payment until settlement; that such bills were made out and delivered to the seller of the cotton by the buyer, and the seller usually signed his name on said draft, but the bank paid such bills whether signed by the seller or not, and Bailey raised no objection to such payments; that Bailey had made arrangements with the bank to take up and carry bills of exchange given in payment for cotton purchased by or for him on his individual and partnership accounts; that on the 29th, 30th, and 31st days of December, 1924, Walker purchased five bales of cotton by yard tickets Nos. 744, 750, 760, 768, and 758, and three other bales from third parties, for which he gave bills of exchange in all respects similar, except as to dates and amounts, to the bill in question; that the said Walker purchased said cotton, and received yard tickets therefor, placing them in his cotton book, which he kept in his room at the hotel in the town of Farwell; that some time about noon of January 1, 1925, the cotton tickets were taken from his cotton book without his knowledge or consent, and that C. D. Collins then came to the said Walker with said cotton tickets, having substituted the name of C. D. Collins in lieu of the names of the five third parties, farmers, and told Walker that he was selling part of this cotton for some one else, and that the remainder of it was his cotton, and to make the check all in one; that the said Collins sold, or purported to sell, the five bales of cotton for which the bill in controversy was given, as given by the yard numbers on the tickets, to the said Walker, and the said Walker issued the bill sued on in payment therefor, believing that Collins was the owner and holder of the cotton and yard tickets, and had the right to sell the same, and being ignorant of the fact that Collins was not the true owner of the cotton or tickets, and that Walker would not have bought them if he had known the truth; that, when Walker

found said tickets were gone, he notified the banks at Lubbock, Clovis, and Muleshoe; that all of the blanks in the bill of exchange were filled out and signed in E. L. Walker's own handwriting, with the exception of the signature of the said C. D. Collins, which was placed thereon when transferred to the plaintiffs; that said bill of exchange was not otherwise signed, indorsed, guaranteed, or accepted by any of the other defendants at any time; that it was not indorsed by the Citizens' National Bank of Lubbock, but was indorsed by the Clovis National Bank, of date January 2, 1925; that shortly after the bill was issued Collins presented the same to plaintiffs with request for its face in money, but was told that the money would have to be procured by them from Clovis, and replied such was all right; that he needed the money by Saturday, and would get it then; that Collins was unknown to the plaintiffs and defendants; that on the afternoon of the following day, January 3d, between 3 and 5 o'clock p. m., Collins reappeared and secured the full amount of the bill from plaintiffs, who had no notice of the true facts, and no information except that conveyed by the face of the instrument, and that the person presenting same claimed to be the owner thereof; that on the night of January 1, 1925, Walker discovered his duplication of the purchase of such cotton, and on January 3d, early in the morning, wired Bailey at Lubbock to stop payment of said bill; that Bailey thereupon notified the bank to stop payment thereon; that about the 12th of January Walker came to see plaintiffs, and asked if they had cashed the check, and was so informed; that Collins has not been seen by any of the parties since January 3, 1925.

The court concluded, as a matter of law: (1) That the plaintiffs became the owners of the bill of exchange in the regular course of business for valuable consideration, without notice of any defect therein, and with notice of no fact which, in law, would put them upon inquiry as to its consideration or legality. (2) That the act of Walker in uttering such instrument in his behalf and that of Bailey was a binding obligation on both such defendants; that Walker and Bailey were partners, and that it was not the intention of either of such defendants or the bank that such instrument must be indorsed by such bank, and that same was, in fact and law, negotiable without the signature of the paying bank, and the bank was simply the agent of Walker and Bailey to pay it; that it was not legally necessary for the bank to indorse the instrument at all. (3) That the plaintiffs have not shown ground for recovery against the bank, but that they are entitled to judgment against Walker and Bailey for the amount of the bill of exchange, interest, and costs.

The writer finds himself unable to con-cur in the opinion of Judge RANDOLPH reversing the judgment and remanding this case as to Bailey, or to agree that the principles of law announced in the opinion should control in the disposition of this appeal, but thinks the judgment should be affirmed, and is authorized to state that Judge JACKSON concurs in this opinion.

Rev. St. 1925, art. 567, provides that the drawer of any bill of exchange not accepted when presented for acceptance shall be immediately liable for the payment thereof. Id., art. 572, provides that assignors, indorsers, and other parties not primarily liable upon any instrument named in this title may be jointly sued with their principal obligors.

[1] It will be observed that the plaintiffs also set out as the basis of the suit the contract and arrangements between Bailey and his partner, Walker, cotton buyers, and the Lubbock bank, in pursuance to which the bill in question was issued, so the action is not simply one based upon a draft or bill of exchange, but the allegations are sufficient to show the liability of both Bailey and Walker under their well-recognized custom and course of dealing as partners in buying cotton.

[2, 3] We think, under the provisions of Rev. St. 1925, art. 5932, §§ 1, 3 and 7, that the bill of exchange is a negotiable instrument payable on demand, and, under the findings of the court, the plaintiffs were entitled to recover against Walker and Bailey as bona fide holders of the instrument in due course for value. Bailey is named as the drawee of the bill drawn by Collins, and it was accepted by Bailey's partner and agent, Walker. Under the findings of the court, it was not necessary for the Lubbock bank to accept the instrument in order to render it a valid obligation of Bailey and Walker.

The Negotiable Instruments Law (Rev. St. 1925, art. 5940) defines a bill of exchange as follows:

"A bill of exchange is a nonconditional order in writing addressed by one person to another, signed by the person giving it, requiring the person to whom it is addressed to pay on demand or at a fixed or determinable future time a sum certain in money to order, or to bearer." Section 126.

Section 130 of this article provides:

"Where in a bill drawer and drawee are the same person, or where the drawee is a fictitious person, or a person not having capacity to contract, the holder may treat the instrument, at his option, either as a bill of exchange or a promissory note."

[4, 5] The facts as shown by the findings are that Walker really drew the bill, and that Collins did not sign it until at plaintiffs' request at the time they cashed it. The further finding is in regard to this transaction that Bailey and Walker were partners, at least, to the extent of an equal interest in the

profits to be realized from their cotton business. If the relation of partners did not exist between them, then Walker was the agent of Bailey, and authorized to accept the bill for Bailey, and the case comes squarely within the rule announced in Alex Woldert Co. v. Citizens' Bank of Ft. Valley, Georgia (Tex. Civ. App.) 234 S. W. 124.

"A draft drawn by an agent on his principal by authority of the principal is equivalent to a draft drawn by the principal on himself, and need not be accepted by the drawee. It may be treated as the promissory note or the bill of the principal." First National Bank v. Home Ins. Co., 16 N. M. 66, 113 P. 815; C..M. Keys Commission Co. v. Miller, 59 Okl. 42, 157 P. 1029; Watauga County Bank v. McQueen, 130 Tenn. 382, 170 S. W. 1025; Clemens v. Stanton Co., 61 Wash. 419, 112 P. 494.

The instant case is even a stronger case in favor of the plaintiffs than the Woldert Case. In that case the drafts were drawn by an agent without any word of agency upon his principal for the payment of the principal's debt, and the court held that the drafts were legally equivalent to drafts drawn by the principal upon himself, and that the principal was liable thereon, even though he did not accept the drafts, and that parol evidence was admissible to show the relation of the parties. The court also held in that case that the drawee's principal was liable by reason of the independent contract to accept the drafts drawn by its agent, and, under the authority of that case, we think Bailey is liable here by reason of his relation to the draft, and also because of the independent contract he is either the partner or the principal of Walker. Brannan's Neg. Instr. Law (4th Ed.) p. 818.

For the reasons stated, the judgment is affirmed.

RANDOLPH, J. (dissenting). This suit was originally submitted to the writer for decision, and on my investigation the opinion which follows was prepared. The majority of the court declined to approve my views, and have prepared the controlling opinion in the case, hence the opinion as originally prepared by me will be hereinafter submitted as a dissenting opinion to that of the majority.

This suit was brought by Triplett Bros., a partnership, against C. D. Collins, W. L. Bailey, E. L. Walker, and the Citizens' National Bank of Lubbock, Tex., to recover upon an alleged bill of exchange. Pending the trial the plaintiffs dismissed their suits as to Collins, and trial was had between the other named parties before the court without a jury, and the court rendered judgment in favor of the plaintiffs against Bailey and Walker, jointly and severally, and also rendered judgment that the plaintiffs take nothing by their suit against the bank. From this judgment the defendant Bailey has appealed to this court.

Omitting the formal parts of the plaintiffs' petition, the plaintiffs' cause of action is stated as follows:

"That heretofore, to wit, on the 1st day of January, 1925, defendant E. L. Walker was buying cotton in the town of Farwell for one W. L. Bailey, all of which cotton was being bought by said Walker and Bailey for account of defendant Citizens' National Bank of Lubbock, and in buying said cotton the said E. L. Walker made and put in circulation the following instrument of writing:
"Bank No. ——.
　　　　　　　"Lubbock, Texas. 1—1—1925.
"Buyer's No. ——.
"Pay to order of Citizens' National Bank of Lubbock $415.00 four hundred fifteen dollars, account —— bales cotton, tickets attached, this day sold to ——, which cotton he holds for account Citizens' National Bank of Lubbock, and subject to their order. Description below. Value received and charge to account of C. D. Collins, seller. To W. L. Bailey, Lubbock, Texas.

| Yard No. | Weight. | Price. | Amount. |
|---|---|---|---|
| 758 | 493 | | |
| 768 | 472 | 19¼ | |
| 760 | 427 | | Ticket held." |
| 744 | 345 | | |
| 750 | 424 | | |

—with indorsement on the end of the same in front, "Accepted 1—1, 1925, E. L. Walker, Buyer. 'Bill of exchange,' " which instrument of writing is similar to many like checks of bills of exchange that said persons had issued and had been issued and circulated in the town of Texico, N. M., which is a town just over in the state of New Mexico from the town of Farwell, in Parmer county, Tex., the two towns virtually being one town, and that many others of said cotton checks on the same parties and signed by the same parties, except a difference in the sellers, have been circulated in said town of Texico, N. M., and Farwell, Tex., and all of said checks have been paid, and by so circulating said bills and paying same the defendants have caused the plaintiff to believe that all of said checks would be paid.

2. The plaintiff further says that it is a merchant; that it bought said check or bill for a good and valuable consideration in due course of his business, with no knowledge whatever of any defense to the same, and for the same he paid a good and valuable consideration, to wit, $415.49; that he had at the time he bought the same no knowledge of any defense to the same, and at this time has no knowledge of a defense to the same, and further says that the defendants, by the issuance of said bill or check, and putting the same in circulation, became bound in law to pay the face value of the same to the holder thereof in due course of business, with interest from the date of presentation.

Plaintiffs pray for judgment for their debt, interest, and costs of court, and for such other

relief as the court may find it entitled to receive, and for which it may pray.

Defendants Bailey, Walker, and the bank answered by general demurrer, general denial, and sworn plea of failure of consideration, setting out the facts which were alleged to show want of consideration for the issuance of same to Collins, and also pleaded that the bill of exchange was never accepted by Walker in writing, and was never indorsed by the bank, the payee named in it.

There being no statement of facts, the following statement of the findings of fact as made by the court is here given:

"(1) During the months of December, 1924, and January, 1925, and for some time prior thereto, the plaintiffs were in the mercantile business at Texico, N. M., which adjoins Farwell, Tex., so that both constitute practically one town, and that during the time mentioned, there was no bank at either place, but the banking facilities were at Clovis, N. M., some ten miles away, and the plaintiffs had, for a long time, habitually received wheat, grain, cotton and other checks, obtained the money on them from the Clovis bank and paid it out to the party presenting such check or checks, all of which was fairly well known in the community.

"(2) That during the time specifically mentioned defendants Bailey and Walker were purchasing cotton in such vicinity, defendant Walker being stationed at Texico, with authority to purchase cotton and issue bills of exchange in payment for such commodity, acting under an arrangement whereby he was to receive one-half of the profits, and he had authority to issue or accept such bills of exchange either in his own name or that of Bailey. That the form of said bills of exchange were furnished by the bank, and had been used by defendants in the vicinity of Farwell for about a year, and plaintiffs had cashed a number of said bills prior to this time. That the bank had paid all bills presented to it, either in person or through a clearing house up to this time. That the Citizens' National Bank of Lubbock, Tex., never indorsed any of such checks or drafts or marked same paid, but charged interest thereon to acceptor from time of payment until settlement. That such bills were made out and delivered to seller of the cotton by the buyer, and the seller usually signed his name on said draft, but the bank paid such bills whether signed by the seller or not, and Bailey raised no objection to such payments. That Bailey had made arrangements with the bank to take up and carry bills of exchange given in payment for cotton purchased by or for him on his individual and partnership accounts.

"(3) That on the 29th, 30th, and 31st days of December, 1924, Walker purchased five bales of cotton, being yard tickets Nos. 744, 750, 760, 768, and 758, and three other bales, from the following farmers, to wit, A. D. White, B. O. Smart, Carl Zock, C. L. Johnson, and David Robinson, for which he gave bills of exchange in all respects similar, except for dates and amounts, to the one in question.

"(4) That the said E. L. Walker purchased said cotton and received yard tickets therefor, and placed them in his cotton book, which he kept in his room at the hotel in the town of Farwell, and that some time about noon on January 1, 1925, the cotton tickets were taken from his cotton book without his knowledge or consent, and that one C. D. Collins then came to the said Walker with said cotton tickets, having substituted the name of C. D. Collins in lieu of the names of the five farmers mentioned above, and told Walker that he was selling part of this cotton for some one else, and that the remainder of it was his, and to make the check all in one. That the said C. D. Collins sold, or purported to sell, the five bales of cotton for which the bill in controversy was given, as evidenced by the foregoing yard numbers, to the said Walker, and the said Walker issued the bill sued on in payment therefor, believing that the said C. D. Collins was the owner and holder of said cotton and yard tickets, and had the right to sell the same, and, being ignorant of the fact that the said C. D. Collins was not the owner and holder of said cotton or tickets, which he would not have bought or paid for in the manner stated, if he had known the truth, and when Walker found said tickets were gone, he notified all the banks at Lubbock, Clovis, and Muleshoe.

"(5) (The court in this section finds the bill of exchange as set out above.)

"(6) That all the blanks in the bill of exchange were filled out and signed in E. L. Walker's own handwriting, with the exception of the signature of the said C. D. Collins, which was placed thereon when transferred to the plaintiffs. That said bill of exchange was not otherwise signed, indorsed, guaranteed, or accepted by any of the defendants hereto at any time, and that said instrument was not indorsed by the Citizens' National Bank of Lubbock, Tex., but shows indorsement of the Clovis, N. M., National Bank, dated January 2, 1925.

"(7) That very shortly after the bill was issued Collins presented same to plaintiffs, with a request for its face in money, but was told that it would have to be procured by them from Clovis, and replied that was all right, that he needed the money by Saturday, and would get it then. That Collins was unknown to the plaintiffs and to the defendants. That on the afternoon of the following day, January 3d, between 3 and 5 p. m., Collins returned, and secured the full amount of the bill from plaintiffs, who had no notice of the facts recited in paragraph 4 hereof, except the information obtained from the face of the instrument, and that the person presenting same claimed to be the owner thereof.

"(8) That on the night of January 1, 1925, Walker discovered his duplication of purchase of such cotton, and on January 3d, early in the morning, wired Bailey at Lubbock to stop payment on said bill. That thereupon Bailey notified the bank to stop payment thereon. That about the 12th day of January Walker came to see the plaintiffs, and asked if they had cashed the check, and was so informed.

"(9) That Collins was unknown to plaintiffs and defendants, and has not been seen since January 3, 1925, by any of the parties to this suit."

Upon these facts and findings, the trial court concluded that the plaintiffs were the owners of the bill in regular course of business, for a valuable consideration without notice of any defect therein, and with notice of no facts which, in law, put them on inquiry as to its consideration or legality, and, second,.

that the act of Walker in uttering such instrument in his behalf and of Bailey was a binding obligation of both defendants; that Walker & Bailey were partners; that it was not the intent of either of such defendants, or the bank, that such instrument must be "indorsed" by such bank, and that the same was, in fact and law, negotiable without the signature of the paying bank, and the bank was simply the agent of Walker and Bailey to pay the same; and that it was not legally necessary for the Citizens' National Bank to indorse such instrument at all.

The question presented by appellant's assignments and propositions is that the fact that the bill of exchange, made payable to the Lubbock bank, was not indorsed by that bank in writing, and was not accepted by Bailey in writing, as to such defendants, the bill was not a negotiable instrument, and hence it was subject to Bailey's defense of want of consideration.

Section 30, Negotiable Instruments Act (article 5934, Rev. Stats. 1925), provides:

"An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer it is negotiated by delivery; if payable to order it is negotiated by the indorsement of the holder completed by delivery."

Section 31 of the same article provides:

"The indorsement must be written on the instrument itself or upon a paper attached thereto. The signature of the indorser, without additional words, is a sufficient indorsement."

There is no ambiguity in the language of these two sections, and the Legislature in passing the act must be presumed to have intended what it said when it required a written indorsement before constituting the instrument a negotiable instrument.

The following cases are cited as supporting this interpretation: Karsner v. Cooper, 195 Ky. 8, 241 S. W. 346, 25 A. L. R. 159; German-American Nat. Bank v. Lewis, 9 Ala. App. 352, 63 So. 741; Ingraham v. England (Tex. Civ. App.) 258 S. W. 278; Jones v. Bell, 201 Ala. 336, 77 So. 998; Sanderson v. Clark, 33 Idaho, 359, 194 P. 472; Miners' Bank v. St. Louis Co. (Mo. App.) 178 S. W. 211; Hill v. Hart, 23 N. M. 226, 176 P. 710. That Bailey's defense was admissible, see, also, 8 C. J. p. 389.

No one can be charged on a negotiable instrument, unless his name appears on it or as a party to it in some relation. Shore v. Carl (Tex. Civ. App.) 284, S. W. 289, not yet [officially] published; Adams v. First Nat. Bank (Tex. Civ. App.) 178 S. W. 993; Moore v. Belt (Tex. Civ. App.) 206 S. W. 225.

I, therefore, hold that, the bill of exchange not having been indorsed in writing, it did not have the attribute of negotiability as to Bailey, and, he not having indorsed it, he had the right to present his defense of fraud on the part of Collins in the procuring of same.

While plaintiffs' suit is not entirely a declaration on the bill of exchange, and there is a rule that, if this court, considering the whole case, concludes that the judgment was right, the case will not be reversed because the trial court gave an erroneous reason for his entering the judgment (Walker v. Garland [Tex. Com. App.] 235 S. W. 1078; American Nat. Bank v. Garland [Tex. Com. App.] 235 S. W. 562), this court might affirm such judgment notwithstanding the error of his holding as to the negotiability of the bill sued on, but for the fact that the pleading of the plaintiffs does not authorize the judgment. It will be seen by reference to the plaintiffs' petition that it was totally deficient in pleading estoppel by conduct on the part of Bailey and Walker.