6    181
17   229
30*  832

## STATE OF NEVADA, Respondent, *v.* V. W. CLEAVLAND, Appellant.

Forgery of Check Payable to "Sapphire Mill or Bearer." In a prosecution for forging a check drawn in favor of "Sapphire Mill or Bearer": *Held,* that an objection that the check presented no sensible payee was invalid, for the reason that the check being payble to bearer was sufficient.

Forgery of Check on "Agency of Bank of California." In a prosecution for forging a check drawn on the "Agency of the Bank of California," where it was both alleged and proved that the bank was a corporation under the laws of California, and that it had an agency in Virginia City, whose business it was to receive deposits and pay out money on the checks of depositors: *Held,* that an objection that the check presented no sensible drawee was invalid.

Forgery—Proof of Existence of Corporation Injured. In a prosecution for forging a check upon an "Agency of the Bank of California": *Held,* that the facts of the existence of the corporation and of the agency might be made by oral testimony, and that the production of the certificate of incorporation was unnecessary.

Erroneous Allegation of Person Injured. An instruction in a forgery case, that "when an offense involves the commission, or an attempt to commit private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, shall not be deemed material": *Held,* to be simply a recital of the statutory provisions upon the subject, (Stats. 1861, 460, Sec. 240) and proper under circumstances calling for an instruction upon the point.

Forgery of Bank Check—Intent to Defraud Pretended Drawer. Where an indictment for forgery of a check on a bank alleged an intent to defraud the drawer: *Held,* that though in one sense such drawer could not be defrauded, as he could not be held to pay forged paper, yet, as he might have paid, had the forgery not been discovered, and as the forger could not have intended a discovery, there was an existent possibility of fraud upon him, and that was sufficient.

Allegations and Proof as to Persons Injured by Forgery. In cases of forgery there are generally two persons who legally may be defrauded—the one whose name is forged and the one to whom the forged instrument is to be passed, and the indictment may lay the intent to defraud either of them; and proof of an intent to defraud either and to pass the instrument as good, though there be shown no actual intent to defraud the particular person, will sustain the allegation.

Appeal from the District Court of the First Judicial District, Storey County.

It appears that defendant at the time the check was drawn was in the employ of W. S. Hobart, and had authority to fill up the

body of checks, but not to sign them.   The check in question was one of a number said to be forged, and others of them were introduced in evidence to show guilty knowledge.   Defendant was sentenced to imprisonment and hard labor in the State prison for the term of two years.

*Mitchell & Stone*, for Appellant.

I.   "If the drawer's, drawee's or payee's name be wanting or be insensible   *   *   *   the instrument will not sustain the technical description."   (Wharton's American Law, 4th ed., 344, and cases cited; 2 Bishop on Criminal Law, 4th ed., Sec. 526.)   The drawee, "Agency of the Bank of California," and the payee, "Sapphire Mill," have not an existence, unless as artificial persons; and if artificial persons, they should be so alleged in the indictment, to give validity to the instrument.

II.   There is no averment of the existence of the "Agency of the Bank of California," as a corporation, association, artificial person, or anything having an existence either in fact or in law.   The averment is simply that the bank has an existence as an incorporation under the laws of California; and that it has a branch office at Virginia, known as the Agency of the Bank of California.

There being then no drawee, properly averred or proved, the check had no validity, and the defendant was erroneously convicted.   (*People* v. *DeBow*, 1 Denio, 1.)

III.   Oral testimony was not competent to prove the existence of the Agency of the Bank of California; such an agency could only be created by an act of the board of trustees, and the books thereof were the best evidence.   (Angell & Ames on Corporations, Sec. 283; *Owing* v. *Speed*, 5 Wheat. 424; *Thayer* v. *Middlesex Ins. Co.*, 10 Pick. 326; *Narragansett Bank* v. *Atlantic Silk Co.*, 3 Met. 282; 15 Wend. 256; 13 N. H. 532; 12 Shep. 532.)

IV.   The indictment charges the intent to defraud W. S. Hobart. This intent must be proved as laid; and if, as in this case, Hobart could not be defrauded by the writing, defendant should have been acquitted.   2 Bishop on Criminal Law, 510; Whar. P. & P., 136; 1 Sharkie C. P., 122–200; 3 Chitty C. L., 1042.)

*Robert M. Clarke*, Attorney General, for Respondent.

I.   The Bank of California, incorporated under the laws of · the State of California, may lawfully do business through an "agency" in the State of Nevada.   (Angell & Ames on Corporations, Sec. 104.)

II.  The existence of the agency is formally and sufficiently pleaded in the indictment.

III.  The Court did not err in admitting oral proof of the existence of the "Agency of the Bank of California."   (2 Wharton's A. C. L., Sec. 1429; *People* v. *Hughes*, 29 Cal. 257; Stats. Nev. 1861, 73, Sec. 85; 15 Ohio R., 217; 1 Parker, 469; 21 Wend. 309.)

IV.  A bare possibility of fraud is sufficient to warrant conviction in forgery.   (2 Wharton A. C. L., Secs. 1439, 1493, 1498; Ohio Crim. Law and Forms, 256.)

. V.   It is sufficient and proper to allege and prove "intent to defraud" the person whose name is forged to the check.   (2 Bishop C. P., Secs. 376, 377; 2 Bishop, C. L., Secs. 510–556.)

By the Court, WHITMAN, J. :

Appellant stands convicted of the crime of forgery, and objects to the judgment:   First, that "the indictment does not state facts sufficient to constitute the offense charged."   Second, that "the instrument set out in the indictment as forged is not a legal check as shown by the indictment."   Third, that "the Court erred in permitting oral testimony to prove the existence of the Agency of the Bank of California."   Fourth, that "the Court erred in instructing the jury, where an offense involves the commission, or an attempt to commit private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, shall not be deemed material."   In argument, counsel for appellant consider the first two objections together, and as that seems the more natural and convenient course, their example will here be followed.

The indictment charges forgery by defendant of a check in words and figures following, with intent to injure one W. S. Hobart:

" VIRGINIA, NEV., May 25th, 1868.

" Agency of the Bank of California.

Pay to Sapphire Mill, or bearer, one hundred and twenty dollars.
$120.00.                              W. S. HOBART,
                                        per N. C. Hall."

As extrinsic matter, it is averred that the Bank of California is a corporation under the laws of the State of California, having a branch office in Virginia City, State of Nevada, the business of which was to receive deposits and pay out money on checks of depositors, or their authorized agents. That Hobart, at the date of the check aforerecited, had credit at such agency ; that Hall was his authorized agent to draw checks thereon.

Counsel for appellant object that the check as recited presents no sensible payee or drawee ; and that the extrinsic matter averred is not sufficient to avoid the objection. Is that so ? So far as the payee is concerned, the check is payable to bearer, which is sufficient. It is alleged that the drawee is engaged in the business of receiving money and paying the same on depositors' checks, as a branch of a California corporation ; this it might lawfully do.

The principal portion of the business of this State is thus conducted by agents for foreign corporations, and the authority cited by counsel recognizes the right in explicit terms as by them quoted, thus : " A corporation duly organized, and acting within the limits of the State granting the charter, may, by vote transmitted elsewhere, *or* by agent duly constituted, act and contract beyond the limits of the State." (Angell & Ames on Corporations, Sec. 104.) It is argued, however, that such action must be subservient and incident to the business of the corporation where chartered, otherwise it is unauthorized and illegal.

Whether so or not, is no matter of enquiry here. The fact of existence for the purposes averred in the indictment is sufficient to constitute a proper drawee.

Upon the trial, the existence of the corporation was proved by proffer of its certificate of incorporation, the existence of the agency

by the oral testimony of Mr. Martin, who testified " that it was an agency of the corporation, receiving deposits and paying out money on checks drawn, with Wm. Sharon as agent." It was unnecessary to have offered the certificate of incorporation. Such is the general current of decisions, for the question is not the legality of the corporation, but of the guilt or innocence of the defendant, to which the corporation is no party, but is simply collaterally introduced·; and if the fact of existence be proved, it matters not whether it be such as would give it a standing in Court, were it there in its own behalf· (*People* v. *Hughes*, 29 Cal. 258.) So with the agency, it is not necessary to prove more with regard to it than with regard to its principal. That there was such an existence pursuing the business averred, was enough for the purpose of the prosecution.

The instruction complained of is simply a recital of a section of the statute regulating criminal proceedings, (Stats. 1861, 460, Sec. 240) and was properly given in connection with other matter to warn the jury against the seemingly plausible argument of counsel for defendant, that as Hobart, the person whom the indictment alleged the defendant intended to defraud, could not legally be defrauded, therefore there could be no such intent.

Though in one sense Hobart could not be defrauded, as he could not be held to pay forged paper ; yet, on the other hand, he might have been defrauded, as he might have paid had not the forgery been discovered and proven ; and so the presumption arises that the forger intended thus to defraud, as it cannot be supposed that he would commit the forgery intending or expecting that it would be discovered : there was then the existent possibility of fraud, which is all that the law demands. And again, the rule is as was substantially stated by the District Court : " Generally there are two persons who legally may be defrauded ; the one whose name is forged, and the one to whom the forged instrument is to be passed ; and so the indictment may lay the intent to defraud either of these, and proof of an intent to defraud either of these, and proof of an actual intent to pass as good, though there be shown no actual intent to defraud the particular person, will sustain the allegation." (2 Bishop's Crim. Law, Sec. 556.)

The indictment then being sufficient, and no error occurring at the trial, the judgment of the District Court is affirmed.