STATE OF MONTANA, RESPONDENT, *v.* EVERTON T. PATCH, APPELLANT.

[Submitted Nov. 15, 1898. Decided Nov. 21, 1898.]

*Forgery—Certificate of Deposit—Information.*

1. An information charging the forgery of an endorsement of a certificate of deposit, which was set out in full in the information and contained the words "H. D. & Co., Bankers" at the top and above the date and was signed "H. D. & Co." and was made payable to the order of the depositor, is sufficient, although no bank is referred to in the information, and there is no allegation therein of extrinsic facts to show that "H. D. & Co." had any bank in which the money was deposited. (Section 840, Penal Code.)

2. An information charging forgery of a certificate of deposit is not subject to demurrer because it alleges that the defendant forged and counterfeited the indorsement in the name of the payee therein with the intent to defraud him.

3. It is not necessary in an information for forging a certificate of deposit for the payment of $60.......$\frac{}{100}$ Dollars, to allege extrinsic facts to show that it was a certificate of deposit for sixty dollars, where the exact sum deposited appears "$60.00."

4. Section 3382 of the Code of Civil Procedure provides that a writing shown to and

proved by a witness must be read to the jury before the testimony of the witness is closed: *Held* that, where it appears that a written instrument was testified to and was admitted in evidence, the presumption is, in the absence of evidence to the contrary, that the contents of the paper were read to the jury.

*Appeal from District Court, Deer Lodge County; Theo. Brantley, Judge.*

*B. S. Thresher*, for Appellant.

*C. B. Nolan, Attorney General*, for the State.

HUNT, J.    Defendant Patch was convicted of forgery.    He appeals from the judgment of conviction and from the order of the district court overruling his motion for a new trial. The charging part of the information is as follows:    "The said Everton J. Patch, on the 12th day of July, 1897, at the county of Deer Lodge and state of Montana, did upon the back of a certain certificate of deposit and writing obligatory for money, of the tenor following:    'Certificate of Deposit, $60.00.  No. 58,344.  Hoge, Daly & Co., Bankers, Anaconda, Mont., May 11, 1897.    Edw. Dugan has deposited in this bank sixty . . . . $\frac{}{100}$ dollars, payable to the order of self, duplicate unpaid, on the return of this certificate properly indorsed. This deposit is not subject to check.    Hoge, Daly & Co.,'— falsely and feloniously make, forge, and counterfeit an indorsement and assignment thereon in the following words, 'Edward Dugan,' the name of the payee in said certificate of deposit and writing obligatory, with intent then and there to defraud Edward Dugan; and the said Everton J. Patch, then and there having in his hands and possession the said certificate of deposit and writing obligatory, and on the back of which was the said false, forged, and counterfeit indorsement and assignment as aforesaid, did then and there, well knowing the said indorsement and assignment to be false, forged, and counterfeit, utter, pass, and publish the same as true and genuine, with intent to defraud the said Edward Dugan, contrary to the form, force, and effect of the statute in such case made and provided, and against the peace and dignity of the state of Montana."

1. A general and special demurrer was interposed. This was overruled. It is said that the instrument described in the information, if standing alone, is invalid for any purpose, in that no bank is referred to in the pleading, and that the name of "Hoge, Daly & Co., Bankers," at the top of the instrument, is no evidence that such a firm owned a bank in which the money described was deposited, or that Hoge, Daly & Co. "had any right to receipt for money deposited in this particular bank," and that, without allegations of extrinsic facts to show the relation between Hoge, Daly & Co. and the bank mentioned in the instrument, the information is wholly defective.

Under the statute (Section 840, Penal Code), every person who, with intent to defraud another, falsely makes, alters, forges or counterfeits any indorsement of any bill of exchange, promissory note, draft, order, * * * writing obligatory, or promissory note, for money or other property, etc., is guilty of forgery.

On its face this instrument appeared to be a valid certificate of deposit, which is a receipt of a bank or banker for a certain sum of money received upon deposit, generally framed in such a form as to constitute a promissory note, payable to the depositor, or to the depositor or order, or to bearer. (Daniel on Neg. Inst. Section 1698.) It was expressed in negotiable words. It was a negotiable paper on its face, and clearly was brought within the definition of the instruments or writings made the subjects of forgery under the statute of the state. That being so, it was sufficient to set it forth as it was in the information, and no extrinsic facts were required to be averred. The doctrine of the case of *State* v. *Evans*, 15 Mont. 539, 39 Pac. 850, is that, to constitute forgery, the forged instrument must be one which, if genuine, may injure another, and that it should be apparent from the information that such is its legal character, either from recital or description of the instrument itself, or, if that does not show it to be so, then by averment *aliunde* showing it to be of such a character. That case is inapplicable, so far as appellant relies upon it to

uphold his argument that in the present information averments of extrinsic matter are essential, while it affirms our opinion that the description of the instrument itself involved in this case, including indorsements, is sufficiently set forth in the information.

It is also urged that the information is bad because it alleged that defendant passed the instrument with the indorsement thereon with the intent to defraud Edward Dugan, the payee named therein.   The evidence goes to show that defendant furtively took the certificate from the person of Dugan, its owner, taking advantage of the drunkenness of Dugan while the latter was in his room at an hotel; that within a few hours thereafter he went to the bank of Hoge, Daly & Co., in Anaconda, presented the certificate to be cashed, and, in response to questions put to him by a clerk of the bank, represented himself to be Edward Dugan, the payee, indorsed the certificate, and so obtained the money due thereon.   This was sufficient to warrant the jury in finding an intent to defraud Dugan.   From the intent to pass the paper as genuine the law draws the conclusion of the intent to defraud whatever person may be defrauded.   Section 598, paragraph 4, 8th Ed., Vol. II, Bishop's New Criminal Law, says:   "Ordinarily there are two persons who legally may be defrauded,—the one whose name is forged, and the one to whom the forged instrument is to be passed.   Therefore the indictment may lay the intent to be to defraud either, and it will be sustained by proof of an intent to pass as good, though there is shown no intent in fact to defraud the particular person."   Fraud need not be actually perpetrated in forgery. The essence of the crime is the making of the false writing with the evil intent that the instrument forged shall be used as good. (*People* v. *Turner*, 113 Cal. 278, 45 Pac. 331; *Bennett* v. *State*, 62 Ark. 532, 36 S. W. 947; *Com.* v. *Henry*, 118 Mass. 460; *People* v. *Ferris*, 56 Cal. 442.)   And from the intent to pass the certificate as good the law infers a purpose to defraud a person who may be prejudiced. (*Vide* cases cited and *State* v. *Cleveland*, 6 Nev. 181; Hocheimer, Cr. Law, Section 651.)

2.    There is a contention that the instrument is so uncertain on its face, because of the form "sixty . . . . . . $\frac{}{100}$ dollars," that the pleading of extrinsic facts was required to show that it was a certificate of deposit for sixty dollars, rather than one for sixty hundred dollars or six thousand dollars, and that the special demurrer was well founded on this ground.    We are disposed to hold that no one would be misled in reading the amount of such a certificate, even independently of more certain writings in the instrument itself, and that it is but a common form of bankers' certificates, where the $\frac{}{100}$ is the denominator of any fractional part of a dollar perchance deposited by the payee; but in this instance the exact sum deposited is apparent and certain by the figures "$60.00" in the upper left hand corner of the certificate, so that no possible ambiguity is apparent, and the demurrer was properly overruled.

3.    The record discloses that the certificate of deposit was offered in evidence before the jury and admitted, but fails to show affirmatively that it was read to them.    Appellant says that it ought to have been read, under Section 3382, Code of Civil Procedure, which provides that a writing shown to and proved by a witness must be read to the jury before the testimony of the witness is closed, and that in the absence of a showing that it was read, no presumption obtains that the jury could or did read the paper.    The fact appears, however that the paper was testified to and was admitted in evidence, and we hold that, unless the contrary is affirmatively shown, it is to be presumed that it was read to the jurors, as contemplated by the law and the usual practice of trial courts.

4.    We shall not dwell on the final contention of appellant, that the verdict is against the evidence, except to state that the testimony of the state made out a complete offense of forgery, and fully established defendant's guilt.    We find no error in the record.    The judgment and order appealed from are affirmed.

*Affirmed.*

PEMBERTON, C. J., and PIGOTT, J., concur.