[No. 21503. Department Two. February 21, 1929.]

THE CITY OF ABERDEEN *et al., Respondents,* v. NATIONAL SURETY COMPANY, *Appellant.*

THE CITY OF ABERDEEN *et al., Respondents,* v. ROYAL INDEMNITY COMPANY, *Appellant.*[1]

*Caldwell & Lycette,* for appellant.

*E. E. Boner,* for respondents.

FRENCH, J.—The facts in this case, to all intents and purposes, are not in dispute, and show that in 1922 the finance committee of the city council of the city of Aberdeen decided to invest ten thousand dollars of the city's funds, and, pursuant to this decision, the city treasurer was authorized to go to the bank and see if the bank would accept time deposits. In December, 1922, the original time deposit in the sum of ten thou-

[1]Reported in 275 Pac. 62.

sand dollars was placed in the Hayes and Hayes bank, and it had been renewed every six months down until the bank failed.

The court found:

"That on or about the 7th day of February, 1927, the said Hayes & Hayes, Bankers, Inc., failed and all of its assets were taken over for liquidation by the supervisor of banking of the state of Washington, pursuant to law; that on the said 7th day of February, 1927, said city of Aberdeen and its treasurer had on deposit in Hayes & Hayes, Bankers, Inc., moneys and funds of said city in the total sum of $149,471.84; that said sum was deposited by the city and its treasurer in such manner that there was credited to the plaintiff, Floyd A. Vammen, as city treasurer, as an open account subject to check, $138,886.40; special account subject to check, $246.25; accrued interest on the checking account, $45.89, and time deposit certificate No. 26161 for $10,000; accrued interest on said time certificate of deposit No. 26161 of $41.11; and a demand certificate of deposit No. 43377 for $252.19.

"(5) That all of these funds, with the exception of the item of $10,000 and accrued interest, were subject to check; that the item of $10,000 was a six months time deposit; at the time of making the deposit the plaintiff, city treasurer, took from the bank the time deposit certificate, a copy of which certificate is herein marked Exhibit 'A'.

"(7) That thereafter the defendant and the other depositary companies made arrangements to take up their proportionate shares of the deposits subject to check, but defendant, National Surety Company, and the Royal Indemnity Company have refused to pay any portion or proportion of the $10,000 time deposit and its accrued interest of $41.11."

Pursuant to Rem. Comp. Stat., § 5572, which reads as follows:

"Before any such designation shall entitle the treasurer to make deposits in such bank or banks, the bank

or banks so designated shall within ten (10) days after the same is filed with the comptroller or town clerk, file with the comptroller or town clerk of such city or town a surety bond to such city or town in the maximum amount of deposits designated by said treasurer to be carried in such bank, or in lieu thereof shall deposit with the treasurer good and sufficient municipal, school district, county or state bonds, or warrants, or United States bonds, or local improvement bonds or warrants, or public utility bonds, or warrants issued by or under authority of any municipality of this state upon which interest or principal is not in default at the time of such deposit, or first mortgage railroad bonds listed on New York stock exchange, conditioned for the *prompt payment thereof on checks duly drawn by the treasurer,* which surety bonds or security shall be approved by the mayor and comptroller or town clerk of said city or town, and such banks shall also at the same time file with said comptroller or town clerk a contract with said city or town wherein said bank shall agree to pay not less than two per centum on the average daily balances where such balances exceed one thousand dollars ($1,000) of all municipal funds kept by such treasurer in said bank, while acting as such depositary; such payments to be made monthly to said city or town while said deposits continue in said depositary; said contract shall run to said city or town and be in such form as shall be approved by the treasurer, mayor and corporation counsel,'' (Italics ours)

the Royal Indemnity Company and the National Surety Company each issued depositary bonds, both of said bonds being executed after the year 1922, when the time certificate of deposit was first issued. The condition of each of the bonds is practically in the words of the statute, and it is admitted by both sides that these bonds were given as statutory bonds, and that the conditions of the statute must govern.

The real question in this case is whether or not funds placed by the treasurer in a bank on a time certificate of deposit, drawing interest, and not subject to check,

are protected by depositary bonds given pursuant to the above quoted statute.

■ ■ It will be conceded that municipal corporations have only the powers conferred by statute. A few of our many cases announcing that doctrine are: *State ex rel. Hill v. Port of Seattle,* 104 Wash. 634, 177 Pac. 671, 180 Pac. 137; *State ex rel. Port of Seattle v. Superior Court,* 93 Wash. 267, 160 Pac. 755, L. R. A. 1917B 354.

It must also be conceded that a municipal corporation is prohibited by our constitution from loaning money. Article VIII, § 7, of our state constitution provides:

"No county, city, town, or other municipal corporation shall hereafter give any money or property, or loan its money or credit, . . ."

Depositing public funds in a bank on account, subject to check, is merely placing the funds where they may be safely kept *(Bardsley v. Sternberg,* 18 Wash. 612, 52 Pac. 251, 524), but the buying of interest-bearing time certificates of deposit, not subject to check, and not subject to withdrawal, creates an entirely different situation.

Rem. Comp. Stat., § 3520, reads as follows:

"Where in a bill drawer and drawee are the same person, or where the drawee is a fictitious person, or a person not having capacity to contract, the holder may treat the instrument, at his option, either as a bill of exchange or a promissory note."

Rem. Comp. Stat., § 3574, reads as follows:

"A negotiable promissory note within the meaning of this act is an unconditional promise in writing made by one person to another signed by the maker engaging to pay on demand, or at a fixed or determinable future time, a sum certain in money to order or to bearer."

Rem. Comp Stat., §3575, reads:

"A check is a bill of exchange drawn on a bank, payable on demand."

A certificate of deposit is in effect and may be defined as a receipt of a bank or banker and framed in such form as to constitute a promissory note payable to the depositor or his order. *City of Pocatello v. Fargo,* 41 Idaho 432, 242 Pac. 297.

See, also, *State v. Patch,* 21 Mont. 534, 55 Pac. 108; *Kavanaugh v. Bank of America,* 239 Ill. 404, 88 N. E. 171; *Clemens v. Stanton Co.,* 61 Wash. 419, 112 Pac. 494.

In *State v. Garland,* 65 Wash. 666, 118 Pac. 907, this court held in effect that a certificate of deposit was a check, but a careful examination of that case will show that it was a demand certificate of deposit, and the court there held that, when it was endorsed, it became, by the act of endorsement, in effect, a check. When money is deposited subject to check, it is only a temporary disposition of the money by placing it in the bank for safe keeping, and it is not in any sense a loan. *In re Law's Estate,* 144 Pa. St. 499, 22 Atl. 831, 14 L. R. A. 103. But where money is left for a fixed time at interest, it becomes, to all intents and purposes, a loan. *State v. McFetridge,* 84 Wis. 473, 54 N. W. 1, 998, 20 L. R. A. 223; *In re Law's Estate,* and *City of Pocatello v. Fargo, supra.*

The certificate of deposit as given in this case reads as follows:

"TIME CERTIFICATE OF DEPOSIT
"No. 26161
"Hayes & Hayes, Bankers    98-29
Aberdeen, Washington, January 3rd, 1927.
Floyd A. Vammen, city treasurer, has deposited in this bank $10,000 payable to the order of the city of Aberdeen. Ten Thousand Dollars, in current funds on the

return of this certificate properly endorsed, six months after date, with interest at four per cent per annum. No interest after maturity.

W. J. Patterson
"By F. Eljenholm
"Not subject to check."

While it is true that universal banking usage and custom generally recognize that interest-bearing time deposits are transactions peculiar to the banking business, and are not, perhaps, commonly understood and altogether treated as loans, yet, in this case the statute provides (and the conditions of the bonds follow the statute) for the "prompt payment thereof on checks duly drawn by the treasurer." This money, by the express terms of the instrument evidencing its receipt by the bank, was not subject to check or withdrawal at the time the bank closed its doors. It may, and would, at some future time, have ripened into a deposit subject to check, but that contingency would not have happened for a number of weeks after the so-called default.

Not only did the relation of debtor and creditor exist by the very terms of the instrument evidencing that fact, but the debt was not due and payable until a future fixed date, and was clearly a transaction prohibited by our constitutional provisions above quoted.

In construing the law relative to county depositaries and which law is practically identical with the one here in question, this court, in *State ex rel. Port of Seattle v. Gaines,* 109 Wash. 196, 186 Pac. 257, said:

"The purpose of this act was to furnish a safe place for the keeping of public funds, make the manner of such banking uniform among all the county treasurers, stop the common evil and perilous practices of such treasurers in doing their own banking in their own way. . . ."

And again, in the same case, referring to county treasurers generally:

"If they cannot bank under the terms of this act they cannot bank at all."

We think it is clearly apparent that this deposit was an illegal deposit, one prohibited by the constitution of this state and by the laws of this state; that it is not within the terms of the bond or of the statute, in that it is, in legal effect, a loan or investment.

Judgment reversed.

PARKER, MILLARD, MAIN, and FULLERTON, JJ., concur.