Turnpike Authority — Trust Agreement — Liability Under Section 905 of the Trust Agreement between the Turnpike Authority and the First National Bank and Trust Company of Oklahoma City a separate contract may be entered into fixing the compensation to be paid to the Trustee. The Trustee may debit the account of the Turnpike Authority for the amount of the fee only if they fail within a reasonable time to pay the fee. The Trustee does not have the right to invest in certificates of deposit issued by the Trustee Bank. The Trustee is not required to give security on investments made pursuant to Article VI of the Trust Agreement in regard to certificates of deposit issued by a qualified bank. The Trustee has as its secondary duty the obligation to obtain the highest rate of interest on those investments made. The Trustee is not liable or responsible for any loss resulting from any investment authorized by Section 602. The Attorney General has considered your request of January 17, 1968. Certain questions are presented which require the interpretation of the Trust Agreement entered into between the Oklahoma Turnpike Authority and the First National Bank and Trust Company of Oklahoma City, of January 1, 1966. On February 10, 1967, the Trustee Bank presented the Authority with a statement charging an acceptance fee of $44,450, pertaining to the 1966 Turnpike Bond Issue. The statement of the Trustee was not approved and on June 29, 1967, the Trustee charged the Authority's account and collected the fee. The said Bank has acted as Trustee to the Oklahoma Turnpike Authority since its inception and prior to 1966 had not charged any fee for any services performed as Trustee. Your first inquiry has two parts and they are, in essence, 1. Under Section 905 of the Trust Agreement is the Trustee entitled to a fee for services rendered as Trustee? 2. Does the Trustee have the right to debit the account of the Oklahoma Turnpike Authority in the Trustee Bank for the Trustee fee? Section 905 of the Trust Agreement provides: "Subject to the provisions of any contract between the Authority and the Trust relating to the compensation of the Trustee, the Authority shall, from the revenues of the Oklahoma Turnpike System, pay to the Trustee reasonable compensation for all services performed by it hereunder and also all its reasonable expenses, charges and other disbursements and those of its attorneys, agents and employees incurred in and about the administration and execution of the trusts hereby created and the performance of its powers and duties hereunder, and, from such revenues only, shall indemnify and save the Trustee harmless against any liabilities which it may incur in the exercise and performance of its powers and duties hereunder. If the Authority shall fail to make any payment required by this Section, the Trustee may make such payment from any moneys in its possession under the provisions of this Agreement and shall be entitled to a preference therefor over any of the bonds or coupons outstanding hereunder." The first sentence of Section 905 of the Trust Agreement is clear and explicit in its terms. It says the "Authority shall . . . pay to the Trustee reasonable compensation for all services performed, pursuant to the Trust Agreement. The significance to be placed on the language, "subject to the provisions of any contract between the authority and the trustee relating to the compensation of the Trustee", is that a separate contract may be entered into between the Authority and the Trustee fixing the compensation to be paid to the Trustee. The answer to part two of your first question must be ascertained from the second sentence of Section 905 of the Trust Agreement. We believe the effect of the second sentence is that following a mutual agreement by the Trustee and the Turnpike Authority as to the amount of the Trustee fee, the Trustee may debit the account of the Turnpike Authority for the amount of the fee only if the Turnpike Authority fails within a reasonable time to pay the said fee. Questions that may arise such as whether or not there is a subsequent contract between the Trustee and the Authority fixing the compensation to be paid the Trustee or providing no compensation is to be paid the trustee; that the Trustee has waived its rights to reasonable compensation by its actions or failure to act; and/or, if the Trustee is entitled to reasonable compensation, just what is reasonable compensation under the facts and circumstances, are questions which necessarily require the determination of factual issues which cannot be considered in this opinion. See Bogert, Trusts and Trustees, Section 980; 3 Scott on Trusts, Section 242.8; and 90 C.J.S. Trusts, Sections 161(b) and (c), 165. It is the opinion of the Attorney General that under Section 905 of the Trust Agreement the Trustee shall receive reasonable compensation for services performed pursuant to the Trust Agreement. It is the opinion of the Attorney General that the Trustee may debit the account of the Oklahoma Turnpike Authority only following the mutual agreement of the Trustee and Turnpike Authority as to the amount of the fee and the failure of the Authority to pay the same. Your second inquiry has four parts and they are: "1. Does the Trustee have the right to invest in Certificates of Deposit issued by the Trustee bank? "2. Is it necessary for the Trustee to give security for any money invested under the provisions of Sections 601 and 602 whether such investments are in certificates of deposit issued by the trustee bank or other qualified banks. "3. Does the Trustee have the duty to obtain the highest rate of interest available on any given date from Certificates of Deposit or other securities invested as of that date? "4. Is the Trustee liable or responsible for any loss resulting from investments made by it as Trustee?" Section 601 of the Trust Agreement provides in part: "All moneys received by the Authority under the provisions of this Agreement shall be deposited with the Trustee, shall be held in trust and applied only in accordance with the provisions of this Agreement, and shall not be subject to lien or attachment by any creditor of the Authority. "All moneys deposited with the Trustee shall be continuously secured, . . . ". . . provided, however, that it shall not be necessary . . . for the Trustee to give security for any moneys which shall be represented by obligations purchased under the provisions of this Article as an investment of such moneys." Section 602 of the Trust Agreement provides in part: "Section 602. Moneys held for the credit of the Construction Fund, . . . shall, as nearly as may be practicable, be invested and reinvested by the Trustee in Government obligations,. . . or in negotiable or non-negotiable certificates of deposit issued by any bank or trust company which is a member of the Federal Reserve System and has a combined capital and surplus aggregating not less than Twenty Million Dollars ($20,000,000), ". . . The Trustee shall sell at the best price obtainable or present for redemption any obligations so purchased whenever it shall be necessary so to do in order to provide moneys to meet any payment or transfer from any Fund or Account. Neither the trustee nor the Authority shall be liable or responsible for any loss resulting from any such investment. " We turn to the Oklahoma trust statutes, 60 O.S. 175.1 [60-175.1] (1961) et seq, which are applicable, to determine whether or not a corporation trustee (in this instance a national bank) may purchase its own certificates of deposit. 60 O.S. 175.9 [60-175.9] (1961), states in part that, "No corporate trustee shall lend trust funds to itself. . . ." If the dealing in its own certificates of deposit by a corporate trustee national bank can be considered a loan, then it necessarily follows that the Section 60 O.S. 175.9 [60-175.9] prohibits such transactions. It is well established in Oklahoma that certificates of deposit are essentially promissory notes and create the relationship of debtor and creditor. Hendricks v. Grant County Bank, Okl., 379 P.2d 693; Crum v. Rivers, 178 Okl. 363, 61 P.2d 862. In Crum v. Rivers, supra, the court said: ". . . certificates of deposit are nothing more than promissory notes of the bank payable at a future date, and that is the legal effect of a certificate of deposit in general terms. . . . And where money is left with a bank for a fixed time at interest, it becomes to all intents and purposes a loan. City of Aberdeen v. National Surety Co. 151 Wn. 55, 275 P. 62,65 L.R.A. 794; In re Law's Estate, 144 Pa. 499, 22 At. 831, 14 L.R.A. 103; State v. McFetridge, 84 Wis. 473, 54 N.W. I, 988, 20 L.R.A. 223; Pocatello v. Fargo, 41 Idaho, 432,242 P. 297". Thus, the Trustee may not invest in certificates of deposit issued by it since under Oklahoma law it would be lending trust funds to itself. Title 60 O.S. 175.10 [60-175.10] (1961), provides: "A corporate trustee may deposit with itself trust funds which are being held necessarily pending investment, distribution, or to pay debts, provided it maintains under control of its trust department (if it has a trust department separate from its banking department) as security for such deposit a separate fund . . ." Under Section 10 (60 O.S. 175.10 [60-175.10] (1961)) the Trustee may deposit funds with itself only "pending investment, distribution, or to pay debts" which clearly implies that such funds are at all times instantly available. Such is not the case with certificates of deposit. It is the opinion of the Attorney General that the Trustee does not have the right to invest in certificates of deposit issued by the Trustee Bank. The second part of your second inquiry is answered by language found in Section 601 of the Trust Agreement. That language is, "Provided, however, that it shall not be necessary . . . for the Trustee to give security for any monies which shall be represented by obligations purchased under the provisions of this Article as an investment of such monies ." The word "Article" in this instance refers only to Article VI of the Trust Agreement and represents a clear intent that the Trustee need not give security for investments made pursuant to Article VI. It is the opinion of the Attorney General that the Trustee is not required to give security on investments made pursuant to Article VI of the Trust Agreement in regard to certificates of deposit issued by a qualified bank. Title 60 O.S. 161 [60-161] (1961), provides in part: "Unless otherwise authorized, directed or restricted . . . by the trust agreement or other document which is the source of the trust, the trustee may invest trust funds in any property, real, personal or mixed, in which an individual may invest his own funds. In making investments, the trustee shall exercise the judgment and care in the circumstances then prevailing, which men of prudence, discretion, and intelligence exercise in the management of their own affairs, not in regard to speculation but in regard to permanent disposition of their funds, considering the probable income as well as probable safety of their capital." As we noted above, Article VI of the Trust Agreement covers the investment of trust funds. While the Article does restrict what investments may be made, it does not require that the Trustee must secure the highest rate of interest available or establish any guidelines on what rate of interest must be obtained from the trust investments. Not being otherwise directed, it appears that Section 161 establishes the general guidelines for the investment of the trust res. The last phrase of Section 161 is particularly applicable since it states that the Trustee is to consider "the probable income, as well as the probable safety of the capital to be invested." In Finley v. Exchange Trust Company, 183 Okl. 167,80 P.2d 296, the Oklahoma Supreme Court adopted the prudent man rule for Oklahoma prior to the passage of the Oklahoma Trust Act. In that case, the court held, "Primarily the presentation of the trust estate is the first consideration and next in income . . ." Therefore, it follows that the Trustee in this instance is controlled by the prudent man rule which is an implicit part of every Trust Agreement with his primary concern being the presentation of the trust res. It is the opinion of the Attorney General that the Trustee has as its primary duty the presentation of the trust estate. However, the Trustee has as its secondary duty the obligation to obtain the highest rate of interest on those investments it makes, all other considerations being equal. Section 602 of the Trust Agreement provides in part, ". . . Neither the Trustee nor the Authority shall be liable or responsible for any loss resulting from any such investment." This particular sentence of Section 602 in relation to all of Article VI of the Trust Agreement, requires that as long as the investments by the Trustee are made only in the securities prescribed in Section 602, there can be no liability on the part of the Trustee or the Authority. But if the Trustee should invest in securities other than those specifically authorized in Section 602, the Trustee naturally could incur liability. It is the opinion of the Attorney General that the Trustee is not liable or responsible for any loss resulting from any investment authorized by Section 602. (G. T. Blankenship) ** SEE: OPINION NO. 77-236 (1977) **