PROPERTY
A bank trustee cannot invest the trust funds it manages in the bank's own certificates of deposit even where the settlor specifies in the trust agreement. The Attorney General has considered your opinion request wherein you ask, in effect, the following question: Can a bank trustee invest the trust funds it manages in the bank's own certificates of deposit where the trust document itself duly authorizes such an investment? Title 60 O.S. 175.9 [60-175.9] (1971), provides in part as follows: "Except as provided in Section 10 175.10, no corporate trustee shall lend trust funds to itself or an affiliate, or to any director, officer, or employee of itself or of an affiliate. . ." Title 60 O.S. 175.10 [60-175.10] (1971), provides in part as follows: "A corporate trustee may deposit with itself trust funds which are being held necessarily pending investment, distribution, or to pay debts, provided it maintains under control of its trust department (if it has a trust department separate from its banking department) as security for such deposit a separate fund consisting of securities legal for trust investments which have at all times during the deposit a total market value exceeding the amount of the deposit. No such security shall be required to the extent said deposit is guaranteed by or under state or federal law." The issue presented here is whether the settlor can alter the provisions of 60 O.S. 175.9 [60-175.9] and 60 O.S. 175.10 [60-175.10] (1971), by an express provision in the trust document as it concerns the investment of the trust fund in certificates of deposit issued by the trustee bank. It is a basic rule of statutory construction that in construing the terms of an instrument creating a trust, the intention of the settlor of the trust should control when such intention is not in conflict with established principles of law. In re Dimick's Will, Okl., 531 P.2d 1027 (1975). The question you present is not entirely a matter of first impression. The question of whether a trustee could invest trust funds in certificates of deposit of the trustee bank was considered and Opinion issued thereon on June 24, 1968, in Attorney General's Opinion No. 68-113. In discussing the question therein, the Opinion states: "It is well established in Oklahoma that certificates of deposit are essentially promissory notes and create the relationship of debtor and creditor. Hendricks v. Grant County Bank, Okl., 379 P.2d 693; Crum v. Rivers, 178 Okl. 363, 61 P.2d 862. In Crum v. Rivers, supra, the Court said: " '. . . certificates of deposit are nothing more than promissory notes of the bank payable at a future date, and that is the legal effect of a certificate of deposit in general terms . . . And where money is left with a bank for a fixed time at interest, it becomes to all intents and purposes a loan. City of Aberdeen v. National Surety Co.,151 Wn. 55, 275 P. 62, 65 L.R.A. 794; In re Laws Estate,144 Pa. 499, 22 A. 831, 14 L.R.A. 103; State v. McFetridge, 84 Wis. 473, 54 N.W. 1, 988, 20 L.R.A. 223; Pocatello v. Fargo, 41 Idaho 432, 242 P. 297.' "Thus, the Trustee may not invest in certificates of deposit issued by it since under Oklahoma law it would be lending funds to itself. "* * * "Under Section 10 (60 O.S. 175.10 [60-175.10] (1961)) the Trustee may deposit funds with itself only 'pending investment, distribution or to pay debts' which clearly implies that such funds are at all times instantly available. Such is not the case with certificates of deposit. "It is the opinion of the Attorney General that the Trustee does not have the right to invest in certificates of deposit issued by the Trustee Bank." (Emphasis their's) 60 O.S. 175.21 [60-175.21] provides as follows: "The trustor of any trust affected by this Act may, by provisions in the instrument creating the trust, or by an amendment of the trust if the trustor reserved the power to amend the trust, relieve his trustee from any or all of the duties, restrictions, and liabilities which would otherwise be imposed upon him by this Act; or alter or deny to his trustee any or all of the privileges and powers conferred upon the trustee by this Act; or add duties, restrictions, liabilities, privileges, or powers to those imposed or granted by this Act; but no act of the trustor shall relieve a corporate trustee from the duties, restrictions, and liabilities imposed upon it by Sections 9, 10, and 11 of this act." (Emphasis added) Additionally, 60 O.S. 175.22 [60-175.22] of the same title allows the beneficiary of a trust to, by written instrument delivered to the trustee, relieve the trustee as to such beneficiary from any and all duties, restrictions and liabilities which would otherwise be imposed on the trustee by the Oklahoma Trust Act except, however, as to those specific duties, restrictions and liabilities imposed by 60 O.S. 175.9 [60-175.9], 60 O.S. 175.10 [60-175.10] [60-175.10] and 60 O.S. 175.11 [60-175.11]. It appears, therefore, to have been the specific intention of the Legislature, by excluding these sections from the provisions of 60 O.S. 175.21 [60-175.21] and 60 O.S. 175.22 [60-175.22] to insure the prevention of the possibility or prospect of self-dealing by corporate trustees with trust funds entrusted to their management and care. With the enactment of 60 O.S. 175.9 [60-175.9] — 60 O.S. 175.11 [60-175.11], the Legislature established the basic policy that a corporate trustee may not deposit with itself or an affiliate any funds entrusted to its care except as it may be necessary only pending the investment or distribution of such funds or to pay debts of the trust. We find no evidence of legislative intent to accord the settlor the opportunity or ability to in any manner relieve the restrictions imposed by these sections. We find the reasoning employed in Opinion No. 68-113 as appropriate today as it was when originally set forth. Opinion No. 68-113 is, therefore, as it relates to the question herein presented, hereby reaffirmed. It is the opinion of the Attorney General that a bank trustee cannot invest the trust funds it manages in the bank's own certificates of deposit even where the settlor so specifies in the trust agreement. (WM. DON KISER)